# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RAY JONES,**

    **Plaintiff,**

**vs.**                                        **Case No.  4:23cv151-WS-MAF**

**GRAINGER,**

    **Defendant.**

**_____/**

## REPORT AND RECOMMENDATION

An Order was entered on April 21, 2023, requiring the pro se Plaintiff to file a proper complaint on the form used in this Court, and to either pay the Court's filing fee or file a proper in forma pauperis motion.  ECF No. 3. On May 1st, Plaintiff filed a first amended complaint, ECF No. 7, and a document on the Court's form for submitting an in forma pauperis motion, ECF No. 6.  Beyond signing his name on the form, Plaintiff did not file a financial affidavit or otherwise comply with the prior Order.

Another Order was entered giving Plaintiff until May 31, 2023, to file an amended in forma pauperis motion.  ECF No. 9.  In addition, Plaintiff was informed that his amended complaint, ECF No. 7, did not comply with

the Federal Rules of Civil Procedure. Thus, Plaintiff was also required to file a "second amended complaint" no later than **May 31, 2023**. ECF No. 9. Plaintiff was reminded that if he failed to comply with that Order, a recommendation would be made to dismiss this case. *Id.* As of this date, nothing further has been received. It appears that Plaintiff has abandoned this litigation and the case should be dismissed.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is

within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).  Here Plaintiff was forewarned and did not respond to a Court Order; dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on June 20, 2023.


 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:23cv151-WS-MAF