# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**RAY JONES,**

    **Plaintiff,**

**vs.**                                                      **Case No. 4:23cv151-WS-MAF**

**GRAINGER,**

    **Defendant.**

_____/

## AMENDED REPORT AND RECOMMENDATION[1]

An Order was entered on April 21, 2023, requiring the pro se Plaintiff to file a proper complaint on the form used in this Court, and to either pay the Court's filing fee or file a proper in forma pauperis motion. ECF No. 3. It appears Plaintiff received that Order because Plaintiff filed a first amended complaint, ECF No. 7, and a document on the Court's form for submitting an in forma pauperis motion, ECF No. 6, on May 1, 2023. However, beyond signing his name on the form, Plaintiff did not file a financial affidavit or otherwise comply with the prior Order.

---

[1] The undersigned issued a Report and Recommendation on June 20, 2023. ECF No. 10. This Amended Report and Recommendation replaces that first Report and Recommendation.

Another Order was entered giving Plaintiff until May 31, 2023, to file an amended in forma pauperis motion. ECF No. 9. In addition, Plaintiff was informed that his amended complaint, ECF No. 7, did not comply with the Federal Rules of Civil Procedure. Plaintiff was required to file a "second amended complaint" and amended in forma pauperis motion no later than May 31, 2023. ECF No. 9. Plaintiff was reminded that if he failed to comply with that Order, a recommendation would be made to dismiss this case. *Id.*

As of June 20, 2023, nothing had been received from Plaintiff and the Report and Recommendation was entered, ECF No. 10, recommending this case be dismissed. Later than same day, the Clerk's Office entered a mail return on the docket. ECF No. 11. The second Order entered in this case, ECF No. 9, was returned to the Court as undeliverable. ECF No. 11. The envelope stated only "not deliverable as addressed" and "unable to forward." *Id.*

The Court has confirmed that the address used by the Clerk's Office is the same address Plaintiff provided in his amended complaint. ECF No. 7 at 2, 8. In reviewing that pleading, it has been noted that Plaintiff included a copy of a letter he received which advised him of the "non-

renewal of [his] lease agreement." ECF No. 7 at 18. The letter was sent to Plaintiff at the same address used by this Court. Notably, however, the letter indicates Plaintiff's lease would terminate on May 3, 2023. *Id.* Accordingly, it is assumed that Plaintiff moved out of the rental unit by that date, and did not receive the May 1st Order. Plaintiff did not inform this Court of his new mailing address, despite being informed of that requirement in the first Order entered. ECF No. 3. At this point, the case cannot continue if mail cannot reach Plaintiff. He has had sufficient time to alert the Court of his new address. Therefore, it appears that Plaintiff has abandoned this litigation and the case should be dismissed.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Furthermore,

the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011). Here Plaintiff was forewarned and did not respond to a Court Order; dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on June 20, 2023.

 S/   Martin A. Fitzpatrick  
**MARTIN A. FITZPATRICK**  
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R.**

Case No. 4:23cv151-WS-MAF

**Civ. P. 72(b)(2).** <u>**Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.**</u>  **If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.**  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**